UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL TRUPEI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-1481 (EGS) |
| ) | Document No. 15 |
| DRUG ENFORCEMENT ) | |
| ADMINISTRATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

In this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, plaintiff challenges the Drug Enforcement Administration's ("DEA") response to his request for certified copies of the oaths of office and officer affidavits for DEA Special Agent Mark Bumar (now retired) and Detective Alfred Joseph Scotti. By letter of November 10, 2004, DEA released a copy of Bumar's Affidavit of Oath but redacted his signature under FOIA exemption 6. DEA has not located Scotti's records. Before the Court is defendants' motion to dismiss and for summary judgment. Upon consideration of the parties' submissions and the entire record, the Court will grant defendants' motion in part and deny it in part.

Defendants move to dismiss the complaint against the Office of Information and Privacy ("OIP"). The FOIA authorizes a cause of action against federal agencies only. *See Sherwood Van Lines, Inc. v. U.S. Dep't of Navy*, 732 F. Supp. 240, 241 (D.D.C. 1990). The Court therefore will grant defendants' motion to dismiss OIP and will substitute the Department of Justice

2

("DOJ"), of which DEA is a component, as the sole defendant.[1] Defendant DOJ moves for summary judgment, claiming that it has satisfied its obligations under the FOIA.

## I.  STANDARD OF REVIEW

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c).  Mere allegations or denials of the moving party's pleadings are not enough to prevent issuance of summary judgment.  The adverse party's response to the summary judgment motion must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  The Court's task is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citations omitted).  In resolving a summary judgment motion, the Court draws all reasonable inferences in favor of the non-moving party. *Id*. 477 U.S. at 255 (citations omitted).

In a FOIA action, the Court may award summary judgment solely on the information provided in agency affidavits or declarations when they describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).  When, as in this case, responsive records are not located, the agency

---

[1]  For ease of case administration, the case caption will remain unchanged.

3

prevails on a motion for summary judgment if it shows "beyond material doubt [] that it has conducted a search reasonably calculated to uncover all relevant documents." *Weisberg v. United States Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983).  Because the agency is the possessor of the records and is responsible for conducting the search, the Court may rely on "[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Valencia-Lucena v. U.S. Coast Guard,* 180 F.3d 321, 326 (D.C. Cir. 1999) (*citing Oglesby v. United States Dep't of the Army*, 920 F.2d 57,  68 (D.C. Cir. 1990); *Kowalczyk v. Dep't of Justice*, 73 F.3d 386, 388 (D.C. Cir. 1996); *Weisberg v. Dep't of Justice*, 705 F.2d at 1351)).  "If the requester produces countervailing evidence placing the sufficiency of the identification or retrieval procedures genuinely in issue, summary judgment is inappropriate." *Spannaus v. Central Intelligence Agency*, 841 F. Supp. 14, 16 (D.D.C. 1993) (*citing Church of Scientology v. National Security Agency*, 610 F.2d 824, 836 (D.C. Cir. 1979)).  In determining the adequacy of a FOIA search, the court is guided by principles of reasonableness. *See Campbell v. United States Dep't of Justice*, 164 F.3d 20, 28 (D.C. Cir. 1998).  An agency is required to produce only those records in its custody and control at the time of the FOIA request. *McGehee v. Central Intelligence Agency*, 697 F.2d 1095, 1110 (D.C. Cir. 1983).

II.  DISCUSSION

1. <u>Withheld Information</u>

Invoking FOIA exemption 6, DEA redacted from the released record Agent Bumar's signature.  Exemption 6 shields information about individuals in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of

4

personal privacy." 5 U.S.C. § 552 (b)(6). The document was maintained in Bumar's personnel file. Declaration of William C. Little, Jr. ("Little Decl.") ¶ 27. It therefore satisfies exemption 6's threshold requirement. According to DEA's declarant, "[b]ecause of the nature of the document and the retired status of the agent, the release of the document would not be an unwarranted invasion of personal privacy," but the agent's "signature is personal and, if disclosed, [could] subject the agent to possible personal harm from the inappropriate use of his signature." Little Decl. ¶ 28. Because disclosure of government records is presumed, FOIA exemptions are to be narrowly construed in favor of disclosure. *United States Department of Justice v. Landano*, 508 U.S. 165, 181 (1993). DEA's explanation is too speculative to satisfy the "clearly unwarranted" privacy standard., which requires a showing that disclosure "would compromise a substantial, as opposed to a de minimis, privacy interest." *National Ass'n of Retired Federal Employees v. Horner*, 879 F.2d 873, 874 (D.C. Cir. 1989).[2] In any event, DEA's rationale is inconsistent with the government's previous treatment of such requests. In another action before the undersigned, of which the Court takes judicial notice, this plaintiff was provided unredacted copies of oaths of office without having to obtain a court order. *See Trupei v. FAA*, Civ. Action No. 04-1117 (Memorandum Opinion, Sept. 12, 2005). The same occurred in an action before Judge Reggie B. Walton where the Executive Office for United States

---

[2] Recently, a judge of this Court agreed that the disclosure of third-party signatures could "create opportunity for misappropriation of the signatures . . . ." *Brannum v. Dominguez*, 377 F. Supp.2d 75, 84 (D.D.C. 2005) (Lamberth, J.). That decision is neither binding nor directly applicable to these circumstances, however. In *Brannum*, defendant redacted the names and signatures from "vote sheets" of the members of the Air Force Personnel Board "who administered the grade determination process." In his ruling, Judge Lamberth relied not only on defendant's claim of possible misuse of the signatures but also on the claim that disclosure of the individuals' names and signatures could "'make participants less likely to voluntarily participate in the process.'" *Id*. (*quoting* Def.'s Mtn.).

Attorneys, a DOJ component, released an unredacted copy of an oath of office.  *See Boyd v. Hamilton*, Civ. Action No. 04-1343 (Memorandum Opinion, Jan. 27, 2005).  Accordingly, defendant's motion with respect to the redacted signature is denied.  *See, e.g., Powell v. U.S. Bureau of Prisons*, 927 F.2d, 1239, 1243 (D.C. Cir. 1991) (remanding in "the interests of justice and fairness" where the discovery on appeal of BOP's inconsistent treatment of separate requests for the same agency manual "casts doubt on its segregability claims.") (internal citations omitted).  DEA will be directed to release the document in its entirety.

    2. Adequacy of the Search

    DEA did not locate responsive records pertaining to Detective Scotti.  It avers that because it involves a record dated before 1995, it "is not easily located based upon the information contained in plaintiff's request."  Little Decl. ¶ 19.  Before 1995, DEA had no index and its automated index was implemented in 2000.  *Id*. ¶ 20.  Scotti's record therefore may be in either "approximately 10 storage boxes of material [] archived at the Federal Records Center ("FRC") Suitland, Maryland [or in] the DEA Miami Field Division [] or the Ft. Lauderdale Resident Office . . . in any one of 10 DEA investigative case files." *Id*. ¶ 21.  Little avers that he "personally participated in and viewed the search of [DEA Headquarters] automated index and reviewed the manual index," *id*. ¶ 20, and that "more than two hours of search time was expended." ¶ 23.  Little has not described the search in sufficient detail for the Court to find beyond doubt that DEA conducted an adequate search, *see supra* at 3, but this is not fatal under the circumstances.  In light of what it predicted could be an extensive search, DEA advised plaintiff by letter of November 10, 2004, that his earlier request for a fee waiver was denied.  It assessed a  fee of $3,612.00 based on an estimate of "240 man hours" to search the 10 storage

boxes at the FRC. *Id.* ¶ 22-23. Plaintiff has not paid or committed to paying the fee. The payment of assessed fees is a condition precedent to filing a FOIA claim in the district court. *Oglesby v. U.S. Dep't of Army,* 920 F.2d 57, 65-67 (D.C. Cir. 1990); *accord Judicial Watch, Inc. v. FBI*, 190 F. Supp.2d 29, 33 (D.D.C. 2002). The Court therefore must determine whether DEA properly denied plaintiff's request for a fee waiver.

A fee waiver or reduction is warranted if the FOIA requester shows that "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii). The Court reviews the denial of a fee waiver *de novo* based on the record that was before the agency at the time of its determination. 5 U.S.C. § 552(a)(4)(A)(vii). In his FOIA request, plaintiff stated only that "[i]n as much as this request for information is in the 'public interest' and I have declared myself to be indigent, I hereby request to 'waive all fees, costs, and/or charge.'" Deft's Ex. A. Plaintiff did not state his intention to disseminate the information to the public or describe the manner and means of dissemination. These omissions "alone [are] sufficient bas[e]s for denying the fee waiver request." *Larson v. Central Intelligence Agency*, 843 F.2d 1481, 1483 (D.C. Cir. 1988). Defendant properly denied the fee waiver request on the basis that plaintiff had failed to "meet the requirements set forth in 28 C.F.R. § 16.11(k)." *See* Little Decl. ¶ 25. Plaintiff therefore must pay the search fee to trigger DEA's FOIA obligation to search further for Scotti's oath. Summary judgment is granted on the search issue.

For the preceding reasons, the Court grants in part and denies in part defendant's motion for summary judgment. Because no issues remain, the case will be dismissed. A separate order accompanies this Memorandum Opinion.

SIGNED:    EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE

DATE: September 27,  2005